## Conrad & Rice v. Harnish.

*Landlord and tenant — Lease — Subletting—Writ of possessionem—Judgment—Lien of—Liability of property of sub-lessee for rent.*

A lessee, in violation of a provision in the lease against subletting, sublet the premises to the plaintiffs, and the landlord obtained judgment against the lessee in an amicable action of ejectment and issued a writ of *possessionem* and *fi. fa.* for costs and rent due, on which the sheriff levied on personal property of the plaintiffs on the premises. On sheriff's interpleader the plaintiffs obtained a verdict, and on rule for judgment for defendant *n. o. v.*, on the ground that the plaintiffs' goods on the premises were liable for the rent: *Held,* that while the goods might have been taken under a landlord's warrant, the defendant's judgment was against the lessee personally and was not a lien on the plaintiffs' property, which could not be sold on the execution issued, and the rule should be discharged.

Rule for judgment for defendant *n. o. v.* C. P. Lancaster Co., Oct. T., 1920, No. 38.

*Harold G. Ripple* and *Harnish & Harnish,* for rule; *B. F. Davis,* contra.

HASSLER, J., July 8, 1922.—The defendant is the owner of a building in this city used as a garage. He rented it to F. C. Kauffman, and in the lease it was provided that it should not be sublet except by his written consent. Notwithstanding this, the lessee did sublet it to J. H. Conrad and H. S. Rice, the plaintiffs in this issue. The defendant then in an amicable action of ejectment obtained a judgment against F. C. Kauffman for the premises and for the rent due, and on it issued a writ of *habere facias possessionem,* with a clause of *fi. fa.* for costs and rent due. By virtue of this writ, the sheriff levied upon personal property of the plaintiffs which was then on the premises. Upon filing a claim with the sheriff for this property, this interpleader was granted. The trial resulted in a verdict in favor of the plaintiffs, and we are now asked to enter judgment for the defendant *n. o. v.*

The only reason given why this should be done is that the personal property claimed by the plaintiffs having been upon the premises when the judgment was entered against F. C. Kauffman, the defendant's lessee, was liable for the rent then due, and could, therefore, be sold on the execution issued on that judgment. We agree with the contention that the property was liable for the rent due, and could have been levied on and sold under a landlord's warrant. But the judgment was not a lien upon it. The judgment was against F. C. Kauffman personally for the amount stated in it, and only his property could be levied on and sold on an execution issued upon it to satisfy it. We are of the opinion, therefore, that the personal property of the plaintiffs in this issue could not be sold on the execution issued on the judgment against F. C. Kauffman, and discharge the rule to show cause why judgment should not be entered for the defendant *n. o. v.* Rule discharged.

From George Ross Eshleman, Lancaster, Pa.